FILED
CLERK, U.S. DISTRICT COURT

APR 2 2 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE MADISON GROUP, | CASE NO. CV 13-2560 UA (DUTYx) |
| Plaintiff, | ORDER SUMMARILY REMANDING |
| v. | IMPROPERLY REMOVED ACTION |
| MORTON A. KAZMAN, | |
| Defendant. | |

The Court remands this unlawful detainer action to state court summarily because it was improperly removed and this Court lacks subject matter jurisdiction.

On April 11, 2013, Defendant Morton A. Kazman lodged a Notice of Removal ("Notice"), seeking to remove to this Court what appears to be a routine California state court unlawful detainer action. [See Notice, Exhibit B.]  Together with the removal notice, Defendant presented an application to proceed without prepayment of the filing fee.  The Court has denied the latter application in a separate order because the action was not properly removed.  To prevent the action from remaining in

1

1  jurisdictional limbo, the Court now issues this order to remand the
2  action to state court on the following grounds.

3      Plaintiff The Madison Group could not have brought this action in
4  federal court in the first instance, in that no basis for original
5  federal jurisdiction appears from the complaint, and the Notice of
6  Removal does not competently allege facts supporting either diversity or
7  federal-question jurisdiction. Removal, therefore, is improper. See 28
8  U.S.C. § 1441(a); Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S.
9  546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Specifically,
10  citizenship of the parties is unclear from the pleadings, and even if
11  complete diversity of citizenship exists, the amount in controversy does
12  not exceed the jurisdictional threshold of $75,000. [See Notice, Exhibit
13  B (Complaint for Unlawful Detainer, alleging that amount demanded does
14  not exceed $10,000).] Additionally, Defendant could not properly remove
15  the action on the basis of diversity jurisdiction in any event, because
16  he resides in California, the forum state. See 28 U.S.C. § 1441(b).

17      Nor does Plaintiff's unlawful detainer action raise any federal
18  legal question. See 28 U.S.C. §§ 1331, 1441(b). In his removal notice,
19  Defendant Kazman asserts that Plaintiff has violated federal laws in the
20  months preceding the unlawful detainer action, but that it immaterial.
21  "For better or for worse . . . a defendant may not remove a case to
22  federal court" on the basis of federal-question jurisdiction "unless the
23  plaintiff's complaint establishes that the case 'arises under' federal
24  law." Franchise Tax Bd. v. Const. Laborers Vacation Trust, 463 U.S. 1,
25  10, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

26      The Court further takes judicial notice of the docket in Case No.
27  CV 13-1723-UA-DUTY, in which it appears that Defendant Kazman previously
28  removed the same unlawful detainer case by filing a substantially

1  identical removal notice; the case was summarily remanded for the same

2  reasons stated above.  Defendant Kazman is notified and warned that any

3  subsequent attempts to remove the underlying state unlawful detainer

4  action to this Court will be improper and will constitute vexatious

5  conduct that the Court may address by way of punitive remedial measures,

6  which may include designation as a vexatious litigant and a bar from

7  commencing any further removal actions with respect to the underlying

8  state unlawful detainer proceeding.

9       Accordingly, this matter is **remanded** to the Superior Court of

10  California for the County of Los Angeles, for lack of subject matter

11  jurisdiction pursuant to 28 U.S.C. § 1447(c).  The Clerk is directed to

12  send a certified copy of this order to the state court and to serve

13  copies of this order on the parties.

14

15       **IT IS SO ORDERED.**

16

17  DATED: _____4/17_____, 2013

18

19

20       _____

21       GEORGE H. KING
         CHIEF UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

3